UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HUGO C. ISRAEL also known as HUGO ISRAEL CAHUEC,

        Plaintiff,

        v.

DWIGHT NEVEN et al.,

        Defendants.

2:14-cv-1384-GMN-VCF

**ORDER**

## I.    DISCUSSION

On August 29, 2014, this Court issued a screening order permitting Counts I, II, and III, alleging deliberate indifference to serious medical needs, to proceed against Defendant Nevens and stayed the case for 90 days to give the parties an opportunity to settle their dispute. (ECF No. 6 at 4-5, 7-8). This Court also ordered Defendants to file a response to Plaintiff's motion for preliminary injunction. (*Id.* at 8). Defendants have filed a response and a motion to seal confidential medical records.[1] (ECF No. 10, 11).

In the preliminary injunction motion, Plaintiff asserts that he has suffered from a serious colon, stomach, and chest problem and has lost his vision for more than two years. (ECF No. 4 at 1). Plaintiff argues that the warden and the doctors have failed to order the proper medical examinations including an MRI and blood tests, which may only be procured by outside hospitals, like the University Medical Center. (*Id.* at 2). Plaintiff asserts that, over the past two years, the doctors have mis-diagnosed him several times including the latest diagnoses which stated, "maybe you have prostate cancer." (*Id.* at 3). Plaintiff contends that he will suffer irreparable injury because his health is deteriorating. (*Id.* at 4). Plaintiff seeks an injunction ordering Defendants to have him examined by physicians who specialize in treatment of the

---

[1] The Court grants Defendants' motion to seal (ECF No. 10) exhibits B, C, D, E, F, and G in its opposition to the motion for preliminary injunction because those exhibits contain Plaintiff's confidential medical records. Defendants state that they have sent a copy of the exhibits to the High Desert State Prison's warden's office where Plaintiff will be able to view the documents at his request via kite. (ECF No. 10 at 2). Defendants state that Plaintiff's kite must reference this litigation by name and case number in order to view those exhibits. (*Id.* at 2 n.1).

colon and its diseases. (*Id.* at 5).

In response, Defendants provide exhibits that demonstrate that between May 29, 2012 through June 17, 2014, the prison medical staff have conducted nine physical examinations on Plaintiff and have ordered or performed three x-rays, an anoscopy exam, a digital rectal exam, a complete blood panel, and a prostate-specific blood test on Plaintiff. (ECF No. 11 at 5-7). These exams revealed that Plaintiff has internal hemorrhoids which the prison medical staff have been treating with hydrocortisone suppositories, fiber tablets, Tylenol, and Ibuprofin. (*Id.* at 5-6). The prison medical staff continue to run different tests on Plaintiff when he complains of colon pain. (*Id.* at 6-7). These tests continue to show that Plaintiff has internal hemorrhoids. (*Id.* at 7). With respect to Plaintiff's vision, prison officials have filled the eye glass prescriptions ordered by the prison eye doctor. (*Id.*). The prison eye doctor has never noted any medical need requiring further attention. (*Id.*). With respect to chest pain, Plaintiff's doctor prior to incarceration had conducted a full cardiac work up of Plaintiff and had concluded that Plaintiff's chest symptoms were caused by anxiety. (*Id.* at 8). Prison medical staff have conducted x-rays, EKGs, an exercise stress test, and an echocardiogram on Plaintiff and have also concluded that Plaintiff's chest pain is caused by anxiety. (*Id.*).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and

decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court denies Plaintiff's motion for preliminary injunction. The exhibits demonstrate that the prison medical staff have been consistently treating and examining Plaintiff for years in an attempt to determine whether his colon problems are more than internal hemorrhoids and whether his chest pain is more than anxiety. Additionally, prison officials have been examining Plaintiff's vision and have been providing Plaintiff with the necessary corrective lenses. The Court finds that, at this stage, Plaintiff has not demonstrated that prison officals are failing to respond to his pain or possible medical needs. As such, Plaintiff cannot demonstrate that he is likely to succeed on the merits and the Court denies the motion for preliminary injunction.

## II.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for preliminary injunction

1  (ECF No. 4) is **DENIED**.

2  **IT IS FURTHER ORDERED** that the motion to seal (ECF No. 10) exhibits B, C, D, E,
3  F, and G of Defendant's opposition to the motion for preliminary injunction is **GRANTED**.

4  **IT IS FURTHER ORDERED** that this case is currently in a 90-day stay to give the
5  parties an opportunity to settle their dispute before an answer is filed or the discovery process
6  begins. During this stay, no other pleadings or papers shall be filed in this case, and the parties
7  shall not engage in any discovery.

8  **DATED** this 18th day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court